IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICO TILLMAN, | ) |
| | ) |
| Plaintiff, | ) 1:16-cv-04242 |
| | ) |
| v. | ) |
| | ) |
| THE HERTZ CORPORATION | ) |
| d/b/a HERTZ RENT-A-CAR, | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff, Rico Tillman ("Plaintiff"), by his undersigned counsel, for this Class Action Complaint against Defendant, The Hertz Corporation and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants and/or Hertz"), alleges as follows:

## INTRODUCTION

1. Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

2. Plaintiff is a natural person and a resident of this District.

3. Defendant, THE HERTZ CORPORATION d/b/a HERTZ RENT-A-CAR, is registered corporation in Illinois with its principal place of business in Oklahoma.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. This Court has personal jurisdiction over Defendants because they have submitted to Illinois jurisdiction by registering with the Secretary of State to do business in the State of Illinois, and the wrongful acts alleged in this Complaint were directed into Illinois.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone

Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

10. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

11. On February 18, 2016, February 19, 2016, February 22, 2016, February 23, 2016, February 24, 2016 and again on February 25, 2016, Hertz initiated telephone calls to Plaintiff.

12. The telephone calls from Hertz originated from telephone numbers (405) 232-3900 and/or (405) 775-4500.

13. Hertz left pre-recorded messages for Plaintiff in which Hertz stated:

> *"This is the vehicle control department calling in reference to a rental vehicle that does not show returned. It is urgent that you contact us at (800) 552-8482. Please have the following rental agreement number available when you call: 838021023."*

14. Upon information and belief, Hertz made and attempted more telephone calls to plaintiff and the class members within the four years leading to the filing of this complaint; Discovery from Hertz and its autodialer and telephone vendors is needed to confirm the precise number.

15. Plaintiff did not consent to receiving these telephone calls. Upon information and belief, Plaintiff's mother provided Hertz with Plaintiff's telephone number without Plaintiff's knowledge or consent.

16. Plaintiff and the class have been substantially damaged by Hertz's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v.*

3

*Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## COUNT I – TCPA

17. Plaintiff incorporates all previous paragraphs.

18. Defendant violated the TCPA by placing automated calls to Plaintiff and the class members' cellular telephones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

19. Defendant has a policy, practice or procedure of placing calls to cell phones without the prior consent of the called parties.

20. Defendant's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

21. Class Definition. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

22. Plaintiff brings this claim on behalf of a class, consisting of:

> *All persons who, on or after April 12, 2012, defendant (or some vendor on its behalf) called a cellular telephone number using predictive dialing equipment and/or a prerecorded or artificial voice where defendant did not obtain the phone number called from the called party (for example, where the number was obtained through skip tracing or captured by the Defendant's equipment from an inbound call, or Defendant was calling a wrong number).*

23. Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover,

4

the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

24. Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Hertz used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b. Whether Hertz used an "artificial or prerecorded voice" as used in the TCPA and applicable FCC regulations and orders, during calls to cellular telephones;

    c. Damages, including whether the violations were negligent, willful or knowing.

25. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

26. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class.

27. Predominance. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

28. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

29. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, and based on his experience, Plaintiff alleges that the calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against Defendants as follows:

      A.      Certification of the proposed Class as defined above;

      B.      Appointment of Plaintiff as representative;

      C.      Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that the dialing equipment used to call plaintiff constitutes an "automatic telephone dialing system" under the TCPA and relevant FCC orders and regulations;

E. A declaration that Hertz did not, and does not, have Plaintiff's consent to use dialing equipment to call him;

F. A declaration that Hertz and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), when it called plaintiff any other person whose number was obtained in the same manner, and who was called using the same prerecorded messages;

G. An order enjoining Hertz and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

H. An award to Plaintiff and the Class of damages, as allowed by law;

I. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

J. Leave to amend this Complaint to conform to the evidence presented at trial; and

K. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Respectfully submitted,
> **RICO TILLMAN**
>
> By: ___s/ David M. Marco___
> Attorney for Plaintiff

Dated: April 12, 2016

David M. Marco
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

Alexander H. Burke
BURKE LAW OFFICE, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
Email: aburke@burkelawllc.com

*Attorneys for Plaintiff and the Proposed Class*