IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICO TILLMAN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE HERTZ CORPORATION, d/b/a ) <br> HERTZ RENT-A-CAR, ) <br> ) <br> Defendant. ) <br> ) | Case No. 16 C 4242 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rico Tillman, individually and on behalf of all others similarly situated, brought a class action complaint against defendant Hertz Corporation, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Defendant has moved, pursuant to the Federal Arbitration Act ("FAA"), 9.U.S.C. § 1 et seq., to compel arbitration and dismiss, or to stay litigation pending arbitration. Plaintiff opposes the motion. For the reasons stated below, defendant's motion is denied.

## BACKGROUND

In his complaint, plaintiff alleges that he received six telephone calls from defendant in February 2016, starting February 18 and ending February 25.[1] The telephone calls consisted of the following pre-recorded message:

> This is the vehicle control department calling in reference to a rental vehicle that does not show returned. It is urgent that you contact us at (800) 552-8482. Please have the following rental agreement number available when you call: 838021023.

---

[1] Plaintiff's complaint also states that, "[u]pon information and belief, Hertz made and attempted more telephone calls to plaintiff and the class members within the four years leading up to the filing of th[e] complaint."

According to plaintiff, he did not consent to receiving these telephone calls. Plaintiff alleges, and defendant confirms, that plaintiff's mother gave defendant plaintiff's telephone number as an "emergency contact" when she rented a car from defendant on January 5, 2016.

Plaintiff subsequently rented a car from defendant on January 18, 2016, and defendant was again provided plaintiff's telephone number, this time by plaintiff's insurance provider. Plaintiff rented another car from defendant on January 25, 2016. Defendant contends (and plaintiff disputes) that both of the car rental agreements plaintiff signed in January 2016 contained an arbitration provision. It is upon these arbitration provisions that defendant relies in seeking to compel arbitration. Both parties agree that the February 2016 telephone calls related to plaintiff's mother's rental car - specifically, defendant's efforts to recover the car after it was not returned.

## DISCUSSION

Courts review a motion to compel arbitration under a summary judgment standard in accordance with Federal Rule of Civil Procedure 56(c). Tickanen v. Harris & Harris, Ltd., 461 F.Supp.2d 863, 866 (E.D.Wis. 2006). Movants are required to "provide sufficient evidence in support of their claims such that a reasonable jury could return a verdict for them under applicable law." WFC Commodities Corp. v. Linnco Futures Group, Inc., 1998 WL 834374 at *2 (N.D. Ill. 1998). The court may consider exhibits and affidavits regarding the arbitration agreement in question. Reineke v. Circuit City Stores, Inc., 2004 WL 442639 at *1 (N.D. Ill. 2004).

Under the FAA, federal courts are in the gatekeeper position of determining whether a dispute is one that the parties intended to arbitrate and is therefore arbitrable. See AT&T Techs.,

2

Inc. v. Communications Workers of Am., 475 U.S. 643 (1986). A party cannot be forced to arbitrate a claim without previously agreeing to arbitrate that claim. See Kiefer Specialty Flooring, Inc. v. Tarkett, 174 F.3d 907, 909 (7th Cir. 1993); see also AT&T Techs., Inc., 475 U.S. at 648 ("arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration"). Additionally, courts "may not expand the application of an arbitration clause beyond its intended scope." Thomas v. Am. Gen. Fin., Inc., 2009 WL 781078, at *2 (N.D. Ill. Mar. 23, 2009) (citing Am. United Logistics, Inc. v. Catellus Dev. Corp., 319 F.3d 921, 929 (7th Cir. 2003)). Accordingly, "when presented with a question of arbitrability, the court will defer to the parties' intent to determine: (1) whether there is a valid arbitration agreement; and (2) whether the parties' dispute falls within the scope of that agreement." Id.

Plaintiff contends that he cannot be compelled to arbitrate this TCPA case because he disputes the validity of the arbitration agreements that defendant claims he signed. Defendant contends that the validity of those agreements is not for this court to decide because the issue of validity is the province of the arbitrator. Defendant is correct, but for the wrong reason.

The validity of any arbitration agreements between plaintiff and defendant is not a question before the court because whether plaintiff entered into valid arbitration agreements with defendant when he signed the two January 2016 car rental agreements is irrelevant. The instant dispute arises not from the contractual relationship between plaintiff and defendant, but rather from the contract between plaintiff's mother and defendant - a contract to which plaintiff was not a party. Therefore, even if plaintiff did enter into valid arbitration agreements when he rented

cars from defendant, those arbitration agreements would not apply to a dispute regarding plaintiff's mother's rental car.

Any arbitration agreement that plaintiff's mother may have entered into with defendant cannot bind plaintiff to arbitration in the instant dispute. See Hospira, Inc. v. Therabel Pharma N.V., 2013 WL 3811488 at *11 (N.D. Ill.2013) ("a party that has not signed an arbitration agreement is not bound by it, and therefore cannot be compelled to arbitrate") (citing Grundstad v. Ritt, 106 F.3d 201, 204 (7th Cir. 1997)). It is possible to bind a non-signatory to an arbitration clause in some circumstances, such as when subsequent conduct indicates that the non-signatory is assuming the contractual obligation to arbitrate. See id. at *12. In the instant context, however, plaintiff entered into contracts with defendant that were totally separate from and completely unrelated to his mother's contract with defendant. By entering into those separate contracts plaintiff assumed no obligation to arbitrate disputes that arose from defendant's contract with plaintiff's mother, and defendant has offered no evidence to demonstrate that plaintiff assumed the obligation to arbitrate any disputes that arose from defendant's contract with plaintiff's mother.

Instead, defendant argues that plaintiff is bound by the arbitration agreements that he allegedly signed when he rented two cars from defendant. According to defendant, the arbitration agreements that plaintiff allegedly entered into apply to the instant case because they encompass disputes arising from any and all communications between plaintiff and defendant, regardless of whether those communications relate to the contracts containing the arbitration agreements. Defendant is mistaken.

4

An arbitration agreement is logically and necessarily tied to the underlying contract that specifies arbitration as the agreed upon method of dispute resolution. Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1516 (10th Cir. 1995) (a party cannot be compelled to arbitrate an unrelated dispute where "it is simply fortuitous that the parties happened to have a contractual relationship"). Accordingly, arbitration agreements "are limited to their subject matter - the respective [ ] agreements to which they were attached." Thomas, 2009 WL 781078 at *3. As the Seventh Circuit has pointed out, "absurd results ensue" when arbitration provisions "are read as standing free from any [underlying] agreement." Smith v. Steinkamp, 318 F.3d 775, 777 (7th Cir. 2003).

In Smith, the Seventh Circuit held that pay day loan borrowers could not be compelled to arbitrate disputes that arose from loans where the loan documents did not contain an arbitration provision, even when those same borrowers had entered into previous loan agreements with the defendant that did contain arbitration agreements. Id. at 778. The connection between plaintiff and any agreement to arbitrate is even more tenuous in the instant case. Plaintiff cannot be compelled to arbitrate a dispute arising from a contract with defendant to which he was not a party simply because he may (or may not) be bound to arbitrate disputes arising from a completely separate contract with defendant to which he is a party.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to compel arbitration and dismiss, or to stay litigation pending arbitration, is denied. Plaintiff's motion for leave for limited discovery on the issue or arbitration is denied as moot. Defendant is directed to answer or otherwise plead to the complaint on or before November 7, 2016. The status hearing previously set for October 18,

5

2016, is continued to November 17, 2016, at 9:00 a.m. The parties are directed to file a joint status report using the court's form on or before November 9, 2016.[2]

**ENTER:** **October 11, 2016**

_____
**Robert W. Gettleman
United States District Judge**

---

[2] In that status report the parties should address how this case can possibly proceed as a class action, given the unusual and seemingly unique facts alleged in the complaint.