IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICO TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 4242 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE HERTZ CORPORATION, d/b/a | ) | |
| HERTZ RENT-A-CAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rico Tillman brought a one count putative class action complaint against defendant the Hertz Corporation ("Hertz") alleging that defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) by placing unsolicited automated calls to plaintiff's cellular phone. Defendant has moved for summary judgment. For the reasons described below, defendant's motion for summary judgment is denied,

## BACKGROUND[1]

Plaintiff's mother, Judy Sanders, rented a car at defendant's South Holland, Illinois location on January 5, 2016. Defendant received two telephone numbers from Sanders, one ending with the numbers 5560 and one ending with the numbers 6075. The 5560 number was listed as, and is, Sanders' primary (cellular phone) number and the 6075number was listed as Sanders' work or "alt" (presumably alternative) number. According to Sanders, she gave defendant the 6075 number, which belongs to plaintiff's cellular phone, as a contact number for emergency purposes only.

---

[1] The facts discussed throughout this opinion are, unless otherwise specified, undisputed and taken from the parties' Local Rule 56.1 statements, responses, and attached exhibits.

Sanders' rental car was initially due to be returned on January 15, 2016, but that return date was extended to February 3, 2016. February 3 came and went, but the car was not returned. In the subsequent days and weeks defendant made multiple calls, some of which plaintiff claims were automated, or "robocalls," to both numbers Sanders provided in an attempt to get the rental car back. Defendants eventually informed Sanders that the car would be reported as stolen if she did not return it. Sanders returned the car on February 25, 2016, and defendant's calls stopped. This lawsuit followed.

## **DISCUSSION**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Assocs., Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in the non-movant's favor. Fisher v. Transco-Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). If the movant satisfies its burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851 *2 (N.D. Ill. Feb. 12, 2013). In doing so, the non-movant cannot simply show some metaphysical doubt as to the material facts. Pignato v. Givaudan Flavors Corp., 2013 WL 995157 *2 (N.D. Ill. Mar. 13, 2013) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Summary judgment is inappropriate when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The TCPA prohibits calls — other than calls made for emergency purposes or made with the prior express consent of the called party —made using an automatic telephone dialing system

or artificial or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii). Cholly v. Uptain Grp., Inc., 2015 WL 9315557, at *2 (N.D. Ill. Dec. 22, 2015). "Express consent is an affirmative defense on which the defendant bears the burden of proof." Blow v. Bijora, Inc., 855 F.3d 793, 803 (7th Cir. 2017). Once given, "consent [can] be revoked 'at any time and through any reasonable means.'" Id. (quoting In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961, 7989–90) (the "2015 FCC Order").

Defendant argues that it obtained prior express consent to call both of the numbers Sanders provided when she rented the car.[2] To support its argument, defendant cites a privacy policy contained in its rental agreement, through which the signatory agrees to receive auto-dialed communications. The problem with defendant's position is that it has failed to produce a copy of its rental agreement signed by Sanders, and while Sanders admits that she signed a printed contract, she disputes that she signed or received an agreement with the privacy policy. Accordingly, although Sanders' position seems a bit far-fetched, there is a material issue of fact as to whether Sanders consented to the calls.[3]

---

[2] As defendant notes, a subscriber consents to receiving non-marketing calls at any number it provides to a business. See Blow, 855 F.3d at 803. According to plaintiff, Sanders gave defendant the 6075 number for emergency purposes only, thus the calls made to plaintiff were beyond the scope of Sanders' consent. Defendant counters that, assuming this is so, a missing rental vehicle and unresponsive renter constitute an emergency. The court is sympathetic to that argument, but cannot hold, on the current record, that such circumstances constitute an emergency under the TCPA, which defines emergency purposes as "any situation affecting the health and safety of consumers." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 9054, 9062 (2016) (citing 47 C.F.R. § 64.1200).

[3] Defendant argues that plaintiff "cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict [] prior depositions." Bank of Ill. v. Allied Signal Safety Restraint Sys., 75 F.3d 1162, 1168–69 (7th Cir. 1996). Be that as it may, Sanders never admitted in her deposition to having received the version of the rental agreement that defendant claims she "would have" received, and defendant has submitted no evidence to support a conclusion that there is only one version of the agreement that Sanders could have received.

Even assuming Sanders signed a rental agreement containing defendant's privacy policy, a reasonable jury could conclude that plaintiff revoked any consent that Sanders might have given defendant to call the 6075 number. Specifically, plaintiff claims that when defendant first called him he asked that the calls stop and his number be removed from defendant's database, thereby revoking any prior consent.[4] Defendant denies that plaintiff made these requests, but accepts them as true for the purposes of this motion and urges the court to reject plaintiff's argument for two reasons: (1) plaintiff could not unilaterally revoke contractual consent; and (2) even if he could, plaintiff's attempts to revoke consent were not reasonable, and therefore not effective. The court disagrees.

As for defendant's first argument, defendants urge the court to adopt the reasoning of Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51 (2d Cir. 2017). Reyes holds that under the TCPA a consumer cannot "unilaterally revoke his or her consent to be contacted by telephone when that consent is given, not gratuitously, but as bargained-for consideration in a bilateral contract." Id. at 56. The Reyes court explains that this holding is consistent with other cases and FCC orders holding that consumers can revoke consent through any reasonable means because that precedent considers consumers who have given their consent "feely and unilaterally." Id. (citing Gager v. Dell Fin. Servs., LLC, 727 F.3d 265 (3d Cir. 2013); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014); the 2015 FCC Order, 30 F.C.C. Rcd. 7961). Regardless of how

---

[4] Plaintiff also claims that Sanders could not have given consent to call the 6075 number because he reimburses his mother, sometimes in cash and other times by purchasing items such as groceries, for his portion of the telephone bill, and is therefore the subscriber to that number. The court disagrees. Sanders is the subscriber and plaintiff is the customary user. See the 2015 FCC Order, 30 F.C.C. Rcd. at 8000 ("We find that the 'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan.").

well-reasoned Reyes may be, it is not the law of this circuit. The Seventh Circuit's precedent holds that "consent [can] be revoked 'at any time and through any reasonable means.'" Blow, 855 F.3d at 803 (quoting the 2015 FCC Order, 30 F.C.C. Rcd. at 7989–90). Although the Seventh Circuit has not made the distinction that Reyes relies on, it is binding on this court and must therefore be followed.

As for defendant's second argument, defendant claims that plaintiff's revocation was not reasonable from the standpoint of the caller, citing Michel v. Credit Protection Association L.P., 2017 WL 3620809, at *3–6 (N.D. Ill. Aug. 23, 2017). Michel is inapt. In Michel the consumer owed money to two different entities, and a debt collection agency was assigned to both debts, but at different times. Id. at *1. The consumer revoked consent as to the first account, which was closed shortly after. Id. Then, the debt collection agency was assigned a new, and different, debt that the same consumer owed, and for which he had not revoked consent. Id. The court found that the debt collection agency was not liable under the TCPA for communications it made regarding the second debt, because "the revocation of consent for one creditor is not revocation of consent for all creditors." Id. at *5. The instant case does not involve two entities for which plaintiff would have needed to revoke consent, and Michel is therefore not persuasive.

Plaintiff's revocation of consent was reasonable based on the circumstances of the revocation and the 2015 FCC Order. According to the 2015 FCC Order, "it is reasonable for callers to rely on customary users, such as a close relative on a subscriber's family calling plan or an employee on a company's business calling plan, because the subscriber will generally have allowed such customary users to control the calling to and from a particular number under the plan, including granting consent to receive robocalls." The 2015 FCC Order, 30 F.C.C. Rcd. at 7961.

5

It follows, then, that revocation by a customary user is reasonable from the perspective of the caller who "cannot reasonably be expected to divine that the [revoking] person is not the subscriber or to then contact the subscriber to receive additional [revocation]." Id. In short, the 2015 FCC Order makes clear that customary users may "control the calling to and from the particular number," and callers need not "contact the subscriber to receive additional consent." Id. It would make no sense, then, for courts to require the caller to contact the subscriber to confirm that consent had been revoked. Given that plaintiff was the customary user of the 6075 number and, indeed, the only person who ever answered that number when defendant called, plaintiff's revocation of consent to call the number was reasonable, even from the caller's perspective. Defendant's motion is denied.[5]

## CONCLUSION

For the reasons described above, defendant's motion for summary judgment (Doc. 53) is denied. This case is set for a report on status on September 18, 2018, at 9:00 a.m.

**ENTER:** **August 29, 2018**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[5] This opinion demonstrates the highly unlikely certification of any plaintiff class under Fed R. Civ. P. 23, due to the obvious predominance of individual facts concerning consent and revocation thereof.