IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICO TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 4242 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE HERTZ CORPORATION, d/b/a | ) | |
| HERTZ RENT-A-CAR, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rico Tillman has filed a putative class action amended complaint against defendant The Hertz Corporation, alleging that defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by placing unsolicited automated calls to a cellular telephone used by plaintiff. On August 29, 2018, the court denied defendant's motion for summary judgment. Tillman v. Hertz Corp., 2018 WL 4144674 (N.D. Ill. Aug. 29, 2018) ("Tillman 1"). Defendant has moved to strike (Doc. 76) plaintiff's class allegations contained in the amended complaint which, for the reasons discussed below, the court grants.

The facts alleged in this case are stated in detail in Tillman 1. Briefly, plaintiff's mother, Judy Sanders, rented a car from defendant and failed to return it when due. There are many contested facts, including what type of rental agreement Sanders signed when renting the car, whether the agreement contained language permitting defendant to call any telephone number listed by the renter, and whether the telephone number Sanders listed – including Sanders' primary number and the "6075" number used by plaintiff – were for "alternate" or "emergency" purposes. Other contested facts are discussed below. Although Sanders was the subscriber of the 6075 number, defendants do not contest that plaintiff was the number's customary user.

When the car rented by Sanders was not returned to defendant on time, defendant made multiple calls to both numbers listed by Sanders, which plaintiff claims were "robocalls" prohibited by the TCPA. Plaintiff also claims that he directed defendant to stop calling the 6075 number and to remove it from defendant's database. Defendant denies that plaintiff made these requests, but accepted the allegation as true for purposes of the summary judgment motion. The calls stopped only when Sanders finally returned the rental car to defendant.

In denying defendant's summary judgment motion, and taking plaintiff's version of the facts as true, the court found that plaintiff's revocation of the consent allegedly given by Sanders was reasonable, but noted: "This opinion demonstrates the highly unlikely certification of any plaintiff class under Fed. R. Civ. P. 23, due to the obvious predominance of individual facts concerning consent and revocation thereof." Tillman 1, 2018 WL 4144674 at *3 n.5.

Apparently in light of that observation by the court, plaintiff sought and was given leave to file an amended complaint, in which he revised the definition of the putative class as:

> All noncustomers whose cellphone Hertz or some other vender on its behalf called on or after April 12, 2012, using a prerecorded voice and/or dialing equipment of the type used to call plaintiff, where such call was placed after a request to stop calling that phone number.

By altering the definition of the class as stated above, plaintiff claims that the individual issues identified by the court as precluding class certification have been rectified. The court disagrees.

A motion to strike class allegations is analyzed under Fed. R. Civ. P. 23. See Buonomo v. Optimum Outcomes, Inc., 301 F.R.D. 292, 295 (N.D. Ill. 2014). The standard for evaluating whether class allegations should be stricken is the same as for class certification, and the burden is

on plaintiff to demonstrate that class certification is appropriate. Valentine v. WideOpen West Finance, LLC, 288 F.R.D. 407, 414 (N.D. Ill. 2012).

Whether class certification is appropriate requires a two-step analysis. First, plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993). Second, plaintiff must satisfy one of the conditions of Rule 23(b). In this case, plaintiff relies on Rule 23(b)(3), which requires him to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Numerous contested facts peculiar to this case destroy any notion of adequacy and typicality. Those contested facts include the type of contract executed by Sanders (and thus the type of consent she gave), the type of calls defendant made to the 6075 number (whether they used a prerecorded voice or instead were live calls to determine where the car rented by Sanders was and to avoid having to report it as stolen), and whether and how plaintiff "revoked" the consent given by his mother (which was conceded by defendant only for purposes of the motion for summary judgment).[1] These contested facts raise unique defenses peculiar to plaintiff's case, thus making him an atypical and inadequate class representative.

The lack of predominance of common questions of fact is yet another reason to grant defendant's motion. The putative class includes all noncustomers that defendant called "after a

---

[1] In Tillman 1, the court stated that "plaintiff's revocation of consent to the call number was reasonable . . . ." Tillman 1, 2018 WL 4144674 at *3. The court's statement was based on facts assumed only for purposes of defendant's summary judgment motion, facts that are hotly contested for purposes of trial.

3

request to stop calling [the noncustomer's] phone number." Whether a "request to stop calling" was made is a question of fact that will need to be litigated with respect to each member of the class. Common questions of fact thus would not "predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and the necessity of conducting mini-trials for each class member destroys any notion that a class action is superior to other available methods for efficiently resolving the controversy. Id. As defendant correctly points out, plaintiff has cited no case in this district certifying a "revocation class" like that proposed by plaintiff, nor any case denying a motion to strike such a class.

For these reasons, the court grants defendant's motion (Doc. 76) to strike plaintiff's class allegations. This matter is set for a status report on plaintiff's remaining individual claim on July 30, 2019, at 9:00 a.m.

**ENTER:** July 18, 2019

_____
**Robert W. Gettleman**
**United States District Judge**